UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 2:17-cr-62-FtM-29CM

KENNETH R. JACKSON, JR.

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for the Return of Property Seized (Doc. #27) filed on November 9, 2017. The government filed a Response (Doc. #29) on November 20, 2017. For the reasons stated below, the motion is due to be granted in part and denied in part.

On June 21, 2017, a grand jury in the Middle District of Florida returned an Indictment (Doc. #3) charging defendant with five counts of possession of stolen identifications in interstate commerce, five counts of embezzlement and conversion of tax refunds issued to others, five counts of aggravated identity theft, one count of passing a forged United States Treasury check, and one count of fraud by access device of another, that is, the Wells Fargo Bank Visa debit card of another. The case is currently on the February 5, 2018 trial calendar. (Doc. #28.) The Indictment contains a forfeiture provision for any "property constituting, or derived from, proceeds obtained, directly or indirectly" from the

charges, including but not limited to $71,931.87 in proceeds. (Doc. #3, pp. 4-5.)

On December 1, 2015, the United States Magistrate Judge issued a Search and Seizure Warrant (Doc. #29-1) to be executed on or before December 25, 2015, on the premises located at 527 Upstate Avenue S., Lehigh Acres, Florida, including vehicles, and for the property listed in Attachment B. This list includes computer equipment, software, storage disk and devices, cellular telephones and other electronic storage devices.

Defendant moves for the return of property seized during the execution of this search warrant because "it does not appear that the discovery or evidence to be used by the Government includes any of the electronic devices seized by the Government in this matter." (Doc. #27, ¶ 2.) The government has no objection to the return of some of the items seized[1], and the motion will be granted to that extent. The government asserts a basis to maintain possession of the other seized items.

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where

---

[1] The Items were determined to contain no incriminating evidence include 8 cellular telephones, a Wi-Fi network password card, a square device processor, PayPal device, a DVD, a Pioneer smartphone adaptor, and 2 Samsung Galaxy tablets. (Doc. #29, p. 3.)

>     the property was seized. The court must
>     receive evidence on any factual issue
>     necessary to decide the motion. If it grants
>     the motion, the court must return the property
>     to the movant, but may impose reasonable
>     conditions to protect access to the property
>     and its use in later proceedings.

Fed. R. Crim. P. 41(g). "[F]ederal courts under limited circumstances may exercise equitable jurisdiction over agency forfeiture decisions." United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999). In doing so, the Court must exercise "caution and restraint." United States v. Bryant, 685 F. App'x 855, 857 (11th Cir. 2017). The government indicates that the remaining items seized are required for evidence. Finding no manifest injustice presented, Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00), 901 F.2d 1540, 1545 (11th Cir. 1990), the Court declines to exercise its discretionary jurisdiction for the return of the remaining seized items.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for the Return of Property Seized (Doc. #27) is **GRANTED in part and DENIED in part** as follows:

1. The motion is granted as to the agreed-to items listed on page three of the government's Response (Doc. #29), and the agents in possession of the listed items shall forthwith return the seized items to defendant.

2. The motion is otherwise denied.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of December, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record